[No. 1525.]

## Ex Parte WILLIAM M. WEBB.

CRIMINAL LAW—COMMON-LAW CRIMES—FORCIBLE ENTRY. Forcible entry is a misdemeanor, under Gen. Stats. 4697 (Crimes and Punishments Act, 151), providing that "offenses recognized by the common law, and not herein enumerated, shall be punished," etc.

IDEM—MISDEMEANOR—CHARACTER OF PUNISHMENT. Under said section (Gen. Stats. 4697), providing that one guilty of a misdemeanor not enumerated by statute shall be punished by imprisonment, a court cannot require a defendant guilty of forcible entry to give bonds to keep the peace, and in default thereof to adjudge that he be imprisoned.

IDEM—PREREQUISITES OF VALID CONVICTION—HABEAS CORPUS. There are three essential elements necessary to render conviction valid. These are that the court must have jurisdiction over the subject matter, the person of the defendant, and authority to render the particular judgment. If either of these elements is lacking, the judgment is fatally defective, and the prisoner held under such judgment may be released on *habeas corpus*.

APPLICATION of William M. Webb for a writ of *habeas corpus*. Allowed.

The facts appear in the opinion.

*D. S. Truman*, for Petitioner:

I. It is not necessary to go into the ancient history of forcible entry and unlawful detainer. Sufficient to say that under the common law it was a criminal action or proceeding for the preservation of the peace and quiet of a community, so that a person should not enter into lands by force or a strong hand, or by intimidation, even though the lands were his own. In some of the states the criminal action still survives, and in this case counsel who represented the state based the right of action upon the statutes of this state. (Gen. Stats. 3021, 4697.) This would undoubtedly be the true condition of the law had not our legislature acted on the subject and passed a law fully covering the

matter and prescribing a rule of action in such cases.    (Gen.
Stats. 3746, *et seq.*)

II.    The jurisdiction under the law of the Territory of
Nevada was undoubtedly vested in the justice courts to hear,
try and determine forcible entry or unlawful detainer, and,
if a person was found guilty upon the trial, to impose a fine
of $100.    (Stats. 1861, p. 422–423, sec. 648).    This act there
covered the ground occupied by the common law on the sub-
ject, and the legislature having acted on the subject, its
action superseded the common-law remedy, and made the
matter wholly dependent upon the act itself both as to the
proceedings, form and method of obtaining the remedy, and
to which one must necessarily look for redress of any griev-
ance by reason of the act of another in forcible entry into
or unlawfully detaining the lands in which he was in the
actual, peaceable possession at the time of such entry or
detainer.

III.    When the constitutional convention to frame a con-
stitution for the State of Nevada was held, the question was
fully considered if such jurisdiction should be allowed to
remain in the justice courts, and it was then determined
that the justice courts should not have jurisdiction, but that
the district courts should be authorized to try this character
of actions.    After the adoption of the constitution the legis-
lature, in 1865, passed the act which now stands upon the
statute books of the state.    (Const. Debates, p. 701; *Owens*
v. *Doty*, 27 Cal. 502–505; Gen. Stats. 3746, *et seq.*)

IV.    After jurisdiction was conferred upon the district
courts the matter came up before this court, and in render-
ing the decision the court says (1 Nev. 442):    "So far as
this law partakes of a criminal character, no doubt its oper-
ation is suspended and annulled by the repeal.    No fine
could be imposed by a court in a case which was commenced
under the old law and tried after its repeal."    It was the
intention of the legislature, by the enactment of the act of
1865, to make the proceedings in forcible entry a subject of
legislative action to lay down the method of procedure to
the exclusion of the common law, or any other.    (*Hemstreet*
v. *Wassum*, 49 Cal. 273.)

*James R. Judge*, Attorney-General, for Respondent:

I.   Section 3021, General Statutes of Nevada, provides:
"The common law of England, so far as it is not repugnant
to, or in conflict with the constitution and laws of the United
States, or the constitution and laws of this state, shall be the
rule of decision in all courts of this state." Again, in sec-
tion 4697, it is said: "All offenses recognized by the common
law as crimes and not herein enumerated shall be punished
in cases of felony,  *  *  *  and in cases of misdemeanor
by imprisonment in the county jail for a term not exceeding
six months or less than one, or by a fine not exceeding five
hundred dollars, or by both such fine and imprisonment."
"Forcible entry" is recognized by the common law as a mis-
demeanor, and is punishable as such.

II.   The offense with which petitioner stands charged was
one over which the justice court of Union township, Hum-
boldt county, had jurisdiction, as clearly appears from the
sections of the General Statutes above quoted, and having
jurisdiction, this court will not in a proceeding of this char-
acter look beyond the judgment in the record which is regular
upon its face.   (*Ex parte Winston*, 9 Nev. 71; *Ex parte Tweed*
v. *Liscomb*, 60 N. Y. 559; *Ex parte Siebald*, 100 U. S. 371.)

By the Court, Bonnifield, J.:

The petitioner applied to this court for a writ of *habeas
corpus*, which was granted. It appears that he is held in
custody by the sheriff of Humboldt county, by virtue of a
commitment, issued from a justice's court, based on a judg-
ment of that court, which in effect requires the petitioner to
enter into bond to keep the peace, etc., and, in case of failure
to give the said bond, that he be imprisoned in the county
jail of said county for the period of fifty days.

He alleges by his petition that the illegality of his
restraint consists of this, to wit:   First—That the jurisdic-
tion of the justice's court has been exceeded.   Second—That
the commitment was issued in a case not allowed by law.
Third—That the judgment upon which the commitment
issued is not authorized by any provision of law.

The offense charged in the complaint laid before the jus-
tice is the common-law offense of forcible entry.   Counsel

contends, substantially, that forcible entry is not a public offense punishable under the criminal laws of the state; that a statute of this state gives the aggrieved party a civil remedy, and the legislature having thus acted on the subject of forcible entry and detainer, the civil action has superseded the common-law remedy, and that no such crime as forcible entry is designated by the criminal laws of this state, nor any other punishment permitted nor intended except such as is provided in the act of 1865 concerning forcible entries and unlawful detainers.

We cannot agree with counsel in his contention. Section 151 of the act concerning crimes and punishments provides: "All offenses recognized by the common law, and not herein enumerated, shall be punished, in case of felonies, by imprisonment in the state prison for a term not less than one year nor more than five years, and in case of misdemeanors, by imprisonment in the county jail for a term not exceeding six months or less than one, or by fine not exceeding five hundred dollars, or by both."    *    *    *

The crime of forcible entry is not enumerated in said act. But it is a misdemeanor as recognized by the common law. (2 Bish. New Crim. Law, sec. 492; *Harding's Case*, 1 Greenleaf, 22; 4 Blackstone, 148.)

"An act concerning forcible entries and detainers has not abolished or repealed the common law upon this subject." (*Cruiser* v. *State*, 18 New Jersey, 206.)

The New Jersey act is substantially the same as ours.

In the above case Cruiser was charged as by the common law of the offense of forcible entry and detainer, there being no criminal statute in that state for punishing such offense.

We conclude from the provisions of our crimes act, above referred to, and the authorities above cited among others, that the offense of a forcible entry is punishable as a misdemeanor by fine or imprisonment, or both, as provided by said section 151.

But we are of opinion that the judgment given in this case by the justice's court is not authorized by law. Under the charge made by the complaint the court had no authority to require the defendant to give bonds to keep the peace, nor in default thereof to adjudge that he be imprisoned. The com-

plaint was not made under the provisions of the criminal procedure for the prevention of public offenses, but it is a complaint alleging the commission of certain unlawful acts which, under the common law, constitute the offense of forcible entry, and for which said section 151 provides the punishment.

There are three essential elements necessary to render convictions valid. These are, that the court must have jurisdiction over the subject matter, the person of the defendant and authority to render the particular judgment. If either of these elements is lacking, the judgment is fatally defective, and the prisoner held under such judgment may be released on *habeas corpus.* (Brown on Jurisdiction, 110, and cases cited; Courts on Jurisdiction, 641, and citations.)

The justice's court did not have the authority to render the judgment given in this case.

The petitioner must be discharged from custody, and it is so ordered.